UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No.: |
| v. ) | |
| ) | Violation: 15 U.S.C. § 1 |
| ) | (conspiracy in restraint of trade)  (1 count) |
| HERITAGE PHARMACEUTICALS INC., ) | |
| ) | Filed: |
| Defendant. ) | |

## **INFORMATION**

15 U.S.C. § 1 (Conspiracy in Restraint of Trade)

The United States of America, acting through its attorneys, charges that:

### DEFENDANT AND CO-CONSPIRATORS

1.      HERITAGE PHARMACEUTICALS INC. is hereby made a defendant on the charges contained in this Information.

2.      During the period covered by this Information, the defendant was a corporation organized and existing under the laws of Delaware and with its principal place of business in Eatontown, New Jersey.

3.      During the period covered by this Information, the defendant was a generic pharmaceutical company engaged in the acquisition, licensing, production, marketing, sale, and distribution of generic pharmaceutical products, including glyburide, and was engaged in the sale of those drugs in the United States.  Glyburide is a generic drug used in the treatment of diabetes.

4.      Various corporations and individuals, not made defendants in this Information, participated as co-conspirators in the offenses charged herein and performed acts and made statements in furtherance thereof.

5.      Whenever in this Information reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

DESCRIPTION OF THE OFFENSE

6.      From in or about April 2014 and continuing until at least December 2015, the exact dates being unknown to the United States, in the Eastern District of Pennsylvania and elsewhere, the defendant and co-conspirators knowingly entered into and engaged in a combination and conspiracy with other persons and entities engaged in the production and sale of generic pharmaceutical products, including glyburide, a purpose of which was to allocate customers and fix and maintain prices of glyburide sold in the United States.  The combination and conspiracy engaged in by the defendant and co-conspirators was in unreasonable restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

7.      The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and co-conspirators, the substantial terms of which were to allocate customers and fix and maintain prices for glyburide sold in the United States.

2

## MEANS AND METHODS OF THE CONSPIRACY

8.     For the purpose of forming and carrying out the charged combination and

conspiracy, the defendant and co-conspirators did those things that they combined and conspired

to do, including, among other things:

(a)     participated in meetings, conversations, and communications with co-
conspirators to discuss the sale of glyburide in the United States;

(b)     participated in meetings, conversations, and communications with co-
conspirators to allocate customers related to the sale of glyburide sold in
the United States;

(c)     agreed during those meetings, conversations, and communications to
allocate customers for glyburide sold in the United States;

(d)     agreed during those meetings, conversations, and communications on
price strategies, and exchanged information about prices, to accomplish
the agreed-upon allocations of customers for glyburide sold in the United
States;

(e)     submitted price proposals and issued price announcements in accordance
with the agreements reached;

(f)     sold glyburide in the United States and elsewhere at collusive and
noncompetitive prices; and

(g)     accepted payment for glyburide sold in the United States at collusive and
noncompetitive prices.

<u>TRADE AND COMMERCE</u>

9.       During the time period covered by this Information, the business activities of the defendant and its co-conspirators were within the flow of, and substantially affected, interstate trade and commerce.  For example, the defendant sold substantial quantities of generic pharmaceutical products, including glyburide, to customers located in various states in the United States.  In addition, substantial quantities of equipment and supplies necessary to the production and distribution of generic pharmaceutical products sold by the defendant and its co-conspirators, including glyburide, as well as payments for generic pharmaceutical products sold by the defendant and its co-conspirators, including glyburide, traveled in interstate trade and commerce.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated:

MAKAN DELRAHIM
Assistant Attorney General

KALINA M. TULLEY
Acting Chief, Chicago Office

ANDREW C. FINCH
Principal Deputy Assistant Attorney General

RICHARD A. POWERS
Deputy Assistant Attorney General

MARVIN N. PRICE, JR.
Director of Criminal Enforcement

CHESTER C. CHOI
Trial Attorney, Chicago Office

Antitrust Division
United States Department of Justice

Antitrust Division
United States Department of Justice
209 S. LaSalle Street, Suite 600
Chicago, IL  60302
(312) 984-7200

WILLIAM M. MCSWAIN
United States Attorney for the
Eastern District of Pennsylvania