IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                     )<br>                                                          ) Criminal No.: 19-00316-RBS<br>HERITAGE PHARMACEUTICALS, INC., )<br>)<br>Defendant.                                 ) | |

**UNITED STATES' UNOPPOSED MOTION TO DISMISS INFORMATION**

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States, by and through undersigned counsel, hereby moves to dismiss the Information filed in the above-captioned case against defendant Heritage Pharmaceuticals Inc. (hearinafter "Heritage") with prejudice. In support of this motion, the United States states as follows:

1. On May 30, 2019, the United States filed a criminal Information charging Heritage with one count of conspiracy in restraint of trade in violation of Section 1 of the Sherman Act (15 U.S.C. § 1). ECF Dkt. No. 1 ("Information").

2. On June 11, 2019, the United States entered into a deferred prosecution agreement ("DPA") with Heritage, in which the United States deferred prosecution of Heritage for a period of three years. ECF Dkt. No. 4 ("Deferred Prosecution Agreement"). Among other obligations, the DPA required Heritage to cooperate with the United States' investigation. Heritage was also required to pay a criminal monetary penalty of $225,000.

3. The DPA provided that the United States would not continue the criminal prosecution against Heritage and would move to dismiss the Information within thirty days of the

expiration of the DPA if Heritage fully complied with all of its obligations under the DPA. See DPA ¶ 16.

4. The DPA expired on May 30, 2022.

5. Based on the information known to the United States, Heritage has fully met its obligations under the DPA, including full cooperation with the United States and satisfaction of the terms of the provisions regarding self-reporting. In addition, Heritage made timely payment of the $225,000 criminal monetary penalty.

6. Because Heritage has fully complied with all of its obligations under the DPA, the United States has determined that dismissal of the Information with prejudice is appropriate. The United States has conferred with counsel for Heritage, who concurs that dismissal is appropriate at this time.

Dated: 29 June 2022

_____ for          _____
JACQUELINE C. ROMERO                    KALINA M. TULLEY
United States Attorney for the          Chief, Chicago Office
Eastern District of Pennsylvania        United States Department of Justice
                                        Antitrust Division
                                        209 S. LaSalle Street, Suite 600
                                        Chicago, IL 60302
                                        (312) 754-3943

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No.: 19-00316-RBS |
| HERITAGE PHARMACEUTICALS, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER DISMISSING INFORMATION WITH PREJUDICE**

The unopposed motion of the United States to dismiss the Information filed in the above-captioned case with prejudice pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, is hereby granted. Having reviewed the motion, the Court finds as follows:

1. On May 30, 2019, the United States filed a criminal Information charging Heritage with one count of conspiracy in restraint of trade in violation of Section 1 of the Sherman Act (15 U.S.C. § 1). ECF Dkt. No. 1 ("Information").

2. On June 11, 2019, the United States entered into a deferred prosecution agreement ("DPA") with Heritage, in which the United States deferred prosecution of Heritage for a period of three years. ECF Dkt. No. 4 ("Deferred Prosecution Agreement"). Among other obligations, the DPA required Heritage to cooperate with the United States' investigation. Heritage was also required to pay a criminal monetary penalty of $225,000.

3. The DPA provided that the United States would not continue the criminal prosecution against Heritage and would move to dismiss the Information within thirty days of the expiration of the DPA if Heritage fully complied with all of its obligations under the DPA. See DPA ¶ No. 16.

4. The DPA expired on May 30, 2022.

5. Based on the information known to the United States, Heritage has fully met its obligations under the DPA, including full cooperation with the United States and satisfaction of the terms of the provisions regarding self-reporting. In addition, Heritage made timely payment of the $225,000 criminal monetary penalty.

6. Because Heritage has fully complied with all of its obligations under the DPA, the United States has determined that dismissal of the Information with prejudice is appropriate. The United States has conferred with counsel for Heritage, who concurs that dismissal is appropriate at this time.

It is so ordered this _____ day of _____, of 2022 at Philadelphia, Pennsylvania.

_____
HON. R. BARCLAY SURRICK
UNITED STATES DISTRICT JUDGE


cc:   All counsel of record